# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALTICE USA, INC. and CSC HOLDINGS, LLC,<br><br>    *Movants*,<br><br>  v.<br><br>THE RECORDING INDUSTRY ASSOCIATION OF AMERICA,<br><br>    *Respondent*. | Case No. _____ - MISC _____<br><br>Underlying Litigation:<br>*Warner Records, Inc., et al. v. Altice USA, Inc., et al.*, Case No. 2:23-cv-00576 (E.D. Tex.)<br><br>***TRANSFER TO E.D.T.X. REQUESTED***<br>***ORAL ARGUMENT REQUESTED*** |

**ALTICE USA, INC. AND CSC HOLDINGS, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL
THIRD PARTY THE RECORDING INDUSTRY ASSOCIATION OF AMERICA'S
<u>COMPLIANCE WITH THEIR SUBPOENA *DUCES TECUM*</u>**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Altice USA, Inc. and CSC Holdings, LLC (collectively, "Altice"), internet service providers ("ISP"), have been sued for copyright infringement in the Eastern District of Texas by Warner Records and many of the largest record labels and music publishers (the "Underlying Litigation"). The basis of the suit is Plaintiffs' allegation that Altice's internet subscribers infringed Plaintiffs' copyrighted works by downloading them without authorization through BitTorrent or other publicly available peer-to-peer file sharing tools, over Altice's network, between 2020 and 2023. Plaintiffs seek to hold Altice liable for vicarious and contributory copyright infringement in connection with its provision of internet service to these subscribers and seek damages from Altice of over a billion dollars.

The Recording Industry Association of America ("RIAA") is the trade organization that represents the U.S. music recording industry and serves as the agent of its members (including many Plaintiffs in the Underlying Litigation) to, among other things, address digital piracy of its members' music. For over a decade, the RIAA has engaged third-party software companies, such as OpSec Online, LLC ("OpSec"), to investigate alleged copyright infringement, monitor and detect online piracy, track the activities of ISP subscribers using peer-to-peer file sharing sites, and send infringement notices to ISPs. According to Plaintiffs, OpSec's system was used to detect all of the alleged downloads by Altice's subscribers that serve as the basis for Plaintiffs' secondary copyright infringement case against Altice. To establish that direct infringement occurred, Plaintiffs have disclosed that they will rely on OpSec's data associated with detecting musical works on Altice's system and purportedly matching them to Plaintiffs' copyrighted works, and the resulting notices that were sent to Altice. Thus, the RIAA's agreements, services, and relationships

1

with Plaintiffs and OpSec are central to Plaintiffs' claims, and critically, Altice's defenses.

Accordingly, on July 17, 2024, Altice served a third-party document subpoena on the RIAA and the RIAA served its responses on August 7, 2024. *See* Leiden Decl., ¶ 3. After conferring extensively, Altice and the RIAA are at impasse on the RIAA's refusals to produce documents outlined herein. *Id.*, ¶¶ 5-7. Altice respectfully requests that this motion be transferred to the Eastern District of Texas; or, in the alternative, that the Court grant this motion in full.

## II.  ARGUMENT

Courts apply the broad discovery standards of Fed. R. Civ. P. 26 to subpoena requests under Rule 45. *Donaldson v. Crisp*, 2023 WL 6201372, at * 3 (E.D. Tex. Sept. 21, 2023).

### A.  RIAA Consented to Transfer this Motion to the Eastern District of Texas.

Federal Rule of Civil Procedure 45 provides that any motion to compel compliance with a subpoena must be brought in the "court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(2)(B)(i). As such, Altice files this motion in the District Court of the District of Columbia, where the RIAA's headquarters are located. However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). The parties met and conferred on October 2, 2024, and the RIAA consented to transfer this Motion to the Eastern District of Texas. Leiden Decl., ¶ 4. Thus, this Court should transfer Altice's Motion to be decided in connection with the Underlying Litigation.

### B.  Altice Seeks Highly Relevant Discovery.

#### 1.  Documents and Communications Relating to RIAA's Agreements with Plaintiffs and OpSec (RFP Nos. 1 and 6).

Given the RIAA's role as Plaintiffs' agent and its (1) responsibility for hiring OpSec to

2

monitor and detect online piracy on Altice's network, and (2) authorizing OpSec to send the notices of alleged infringement to Altice's subscribers, Altice sought from the RIAA its relevant underlying agreements with OpSec and Plaintiffs, in addition to documents and communications that relate to those critical agreements. Leiden Decl., Ex. A (RFP Nos. 1, 6).

The RIAA responded with a number of boilerplate objections. During the meet-and-confer process, Altice proposed a compromise to limit these requests to documents and communications relating to the 2019 agreement between the RIAA and OpSec that governed OpSec's detection, monitoring, and notice-sending during the claims period of the Underlying Litigation. *Id.*, ¶ 5. The RIAA flatly refused to produce anything in response to these requests other than the executed 2019 RIAA-OpSec agreement and related statements of work, and has objected to searching for and producing any internal communications or communications with OpSec or anyone else—without substantiating or quantifying any burden. *Id.*

Documents and communications relating to the negotiation of the 2019 agreement, and relating to OpSec's work conducted pursuant to those agreements, are indisputably relevant to Plaintiffs' motivations in targeting Altice, the accuracy and reliability of OpSec's notices (because the agreement sets forth the specific detection "levels" that the RIAA chose from OpSec's menu of available options, and because post-agreement communications would encompass those regarding errors, inaccurate notices, or other issues with OpSec's work), and Plaintiffs' evidence of alleged direct infringement—i.e., evidence critical to Plaintiffs' direct infringement allegations and Altice's defense that it responded reasonably to OpSec's notices.

    2.    **Reports By OpSec Relating to Peer-to-Peer Notice Programs (RFP No. 8).**

Given OpSec's critical role in monitoring and detecting online piracy for the RIAA and its members, Altice requested that the RIAA produce reports that were prepared by OpSec relating to peer-to-peer notice programs in effect between January 2019 to the present. *Id.*, Ex. A (RFP No. 8). The RIAA acknowledged that it has reporting summarizing notices sent by OpSec to various ISPs, but has limited its production to such reports concerning notices sent to Altice. *Id.* But the broader reports are relevant to, for example, (1) how many notices were sent to other ISPs, (2) how the RIAA directed OpSec to gather evidence of piracy from other ISPs, and (3) whether the RIAA had a strategy for bringing suits against the entire ISP industry, and, if so, its motivations for doing so. Further, the RIAA has not explained how the production of this information poses any undue time, burden, or monetary expense.

3.   **Amounts Paid by the RIAA for OpSec's Services (RFP No. 11).**

Altice has also requested documents sufficient to show all amounts paid by the RIAA (or any Plaintiff) for OpSec's services, including billing records, invoices, and/or records detailing the services provided related to such amounts billed, as such information would be clearly relevant to OpSec's motivations and bias as a witness in this case.[1] Leiden Decl., Ex. A (RFP No. 11). The RIAA has agreed only to provide documents sufficient to show such payments from March 2020 through December 2023—despite the fact that the RIAA has been paying OpSec for anti-piracy services for many years before that. *Id.*, ¶ 6. The RIAA has not explained how the production of this information poses any undue time, burden, or monetary expense. *Id.* In fact, RIAA's current

---

[1] *See Woodard v. Diamond Offshore Drilling, Inc.*, 2000 WL 275797, *1 (E.D. La. Mar. 9, 2000) ("[D]iscovery of facts which may tend to prove bias are discoverable under Rule 26, as reasonably calculated to lead to the discovery of admissible evidence.").

4

production contains a single Excel document that provides evidence of payments to OpSec from March 2020 to November 2022, which notates amounts paid and date paid. *Id.* It appears that this spreadsheet was generated by running a query through the RIAA's billing records. As such, the RIAA should be able to provide a similar spreadsheet for a broader date range with little difficulty. Thus, the relevance here outweighs any burden or expense of complying with the request, and the RIAA's objections and limitations should be overruled.

      **4.    Selection of Works in Underlying Litigation and the RIAA's Efforts to Address or Curb Infringement (RFP Nos. 18, 21, 24–25, 27–31).**

Next, Altice has sought discovery relevant to determining (1) how the RIAA made decisions relating to the selection of the Copyrighted Works in the Underlying Litigation, (2) how the RIAA made determinations regarding whether to extend or terminate notice programs directed at ISPs; and (3) the RIAA's efforts to curb infringement on peer-to-peer networks aside from its ISP litigation initiative. *See* Leiden Decl., Ex. A (RFP Nos. 18, 21, 24–25, 27–31). These requests are directly relevant to the RIAA's (and Plaintiffs') motivations for pursuing actions against ISPs, like Altice, instead of taking action themselves to address online copyright infringement—such as sending notices of infringement to torrent site aggregators, or engaging in any communications with peer-to-peer file sharing technologies to obtain their cooperation in reducing infringement, or taking legal action against providers of peer-to-peer file-sharing technologies.[2]

In response to all nine RFPs, the RIAA is flatly refusing to produce documents on the basis

---

[2] Documents responsive to RFP No. 18 (seeking documents about the selection of the works-in-suit) are also relevant to Plaintiffs' ownership of the works-in-suit, the value of the works-in-suit, and the RIAA's motivations to pursue claims involving select Copyrighted Works instead of pursuing other avenues to address or curb infringement.

5

of relevance. *Id.* Again, the RIAA has not explained how the production of this information poses any undue time, burden, or monetary expense. The relevance here clearly outweighs any burden or expense of complying with the request, as it calls for documents necessary to support Altice's defenses, and thus, the RIAA's objections should be overruled.

### 5.     The Copyright Alert System (RFP Nos. 36–37)

Finally, Altice seeks documents and deposition testimony relating to the Copyright Alert System ("CAS").[3] *See* Leiden Decl., Ex. A (RFP Nos. 36, 37). The RIAA has refused to produce any documents in response to these requests. *Id.* In an effort to avoid a motion on these requests, Altice emailed the RIAA a list of **ten specific documents** related to CAS that it would accept as a compromise, including the Memorandum of Understanding (the governing document); implementation agreements between the RIAA, MPAA, and the participating ISPs; and independent assessments of MarkMonitor's[4] anti-piracy methodologies. *Id.*, ¶ 7. These documents have been produced in prior litigations. The RIAA rejected Altice's compromise and is standing on its objections on the basis of relevance. *Id.*, Ex. A. This position is improper.

At the forefront of the Underlying Litigation is the issue of whether Altice's response to

---

[3] CAS was an agreement between major ISPs (including Altice's predecessor entity, Cablevision), content owners, the RIAA, and the Motion Picture Association of America ("MPAA"), which established "[a] reasonable, alert-based approach [to] help to protect legal rights granted by copyright and stem the unlawful distribution of copyrighted works, while providing education, privacy protection, fair warning, and an opportunity for review that protects the lawful interests of consumers." The CAS Memorandum of Understanding ("MOU") required participating ISPs to develop and enforce programs under which copyright owners would send infringement notices to participating ISPs (to be forwarded to subscribers), set out steps that ISPs would take in response to multiple notices relating to a single subscriber, and established limits to the number of notices an ISP was required to process. CAS did not require any ISP to terminate subscribers.

[4] OpSec acquired MarkMonitor's anti-piracy assets in or around 2020, so these assessments of MarkMonitor's system are also relevant to the OpSec system.

receiving copyright notices was reasonable. In fact, Plaintiffs' vicarious and contributory copyright claims hinge on the contention that Altice should have, but did not, swiftly terminate any subscriber whose IP address was identified in more than a couple of infringement notices. As such, information relating to CAS is highly relevant because both sides of the industry—content owners, like Plaintiffs, and ISPs, including Altice's predecessor—came together to devise a system that was determined to be reasonable in terms of what ISPs should do to curb infringement on their networks and, importantly, did not require any ISP to terminate subscribers. This same information also bears on the applicability of Altice's DMCA safe harbor defense.

Courts in other cases have compelled both the RIAA and OpSec to produce discovery related to the CAS.[5] Further, the parties in the Underlying Litigation have each agreed to produce documents relating to CAS to each other—demonstrating that CAS is relevant to the case. Leiden Decl., ¶ 8. The RIAA has produced documents relating to CAS in other cases—showing that these documents are relevant and that the burden would be minimal. *Id.* As such, the RIAA's objections to both relevance and scope should be overruled.

## III. CONCLUSION

For the foregoing reasons, Altice respectfully requests that the Court transfer this motion to the Eastern District of Texas; or, in the alternative, overrule the RIAA's improper objections and order the RIAA to produce documents responsive to the requests outlined above.

---

[5] *See Warner Bros. Recording Inc., et al. v. Charter Commc'ns, Inc.*, Case No. 1:19-cv-00874-RBJ-MEH (D. Col.) Dkt. 323 (Dec. 22, 2020, Order Regarding Plaintiffs' Request for Reconsideration of Special Master's Order on Charter's Motion to Compel MarkMonitor's Compliance with Subpoena *Duces Tecum*) (finding requests relating to CAS relevant and compelling production); Dtk. 325 (Dec. 22, 2020, Order Regarding Charter's Motion to Compel RIAA's Compliance with Subpoena *Duces Tecum*) (same).

Dated: November 6, 2024

Respectfully submitted,

_/s/ Robert Vlasis_

Robert Vlasis (SBN: 984891)
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
(202) 282-5000 (telephone)
(213) 282-5100 (facsimile)
Email: rvlasis@winston.com

Michael S. Elkin (*pro hac vice* forthcoming)
Krishnan Padmanabhan (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: kpadmanabhan@winston.com
Email: melkin@winston.com

Diana Hughes Leiden (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1700 (telephone)
(213) 615-1750 (facsimile)
Email: dhleiden@winston.com

*Counsel for Movants*

8

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2024, a copy of the foregoing Movants' Motion to Compel Compliance with Altice's Subpoena *Duces Tecum* was served by email and via Federal Express on the following:

Jeffrey M. Gould
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, N.W., 5th Floor
Washington, DC 20016
Tel.: (202) 851-4526
Email: jeff@oandzlaw.com

*Counsel for the Respondent Recording Industry Association of America and*

                                                              */s/ Robert Vlasis*
                                                              Robert Vlasis (SBN: 984891)
                                                              WINSTON & STRAWN LLP
                                                              1901 L Street, N.W.
                                                              Washington, D.C. 20036
                                                              (202) 282-5000 (telephone)
                                                              (213) 282-5100 (facsimile)
                                                              Email: rvlasis@winston.com

                                                              *Attorney for Movants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALTICE USA, INC. and CSC HOLDINGS, LLC,<br><br>*Movants,*<br><br>v.<br><br>THE RECORDING INDUSTRY ASSOCIATION OF AMERICA,<br><br>*Respondent.* | Case No. _____ - MISC _____<br><br>Underlying Litigation:<br>*Warner Records, Inc., et al. v. Altice USA, Inc., et al.*, Case No. 2:23-cv-00576 (E.D. Tex.) |

## DECLARATION OF DIANA HUGHES LEIDEN

I, Diana Hughes Leiden, declare as follows:

1. I am an attorney and member of the State Bar of California. I am counsel for Altice USA, Inc. and CSC Holdings, LLC (collectively, "Altice") and have personal knowledge of the facts set forth herein and, if called to testify, could and would competently testify thereto.

2. I submit this declaration in support of Altice's Motion to Compel Third Party the Recording Industry Association of America's Compliance with Altice's Subpoena *Duces Tecum*.

3. On July 17, 2024, Altice served a third-party subpoena *duces tecum* on the RIAA and on August 7, 2024, the RIAA served its responses to Altice's subpoena.

4. On October 2, 2024, I participated in a meet and confer with counsel for the RIAA whereby the RIAA consented to transfer Altice's motion to compel to the Eastern District of Texas.

5. During the meet-and-confer process, I proposed a compromise to limit RFP Nos. 1 and 6 to documents and communications relating to the 2019 agreement between the RIAA and OpSec that governed OpSec's detection, monitoring, and notice-sending during the claims period.

1

Counsel for the RIAA refused to provide anything in response to these requests other than the executed 2019 RIAA-OpSec agreement and related statements of work, and objected to searching for and producing any internal communications or communications with OpSec or other third parties and did not substantiate or quantify any burden on behalf of the RIAA.

6. With respect to RFP No. 11, the RIAA has agreed only to provide documents sufficient to show such payments from March 2020 through December 2023. During the meet and confer process, counsel for the RIAA did not explain how the production of this information poses any undue time, burden, or monetary expense. RIAA's current production contains a single Excel document that provides evidence of payments to OpSec from March 2020 to November 2022, which notates amounts paid and date paid.

7. With respect to RFP Nos. 36 and 37, I emailed counsel for the RIAA on October 2, 2024, listing ten documents related to CAS that Altice would accept as a compromise, such as the Memorandum of Understanding; implementation agreements between the RIAA, MPAA, and the participating ISPs; and independent assessments of MarkMonitor's anti-piracy methodologies. Counsel for the RIAA never responded to my email.

8. Parties in the Underlying Litigation have agreed to produce documents relating to CAS to each other and the RIAA has produced documents relating to CAS in other cases.

9. Attached hereto as **Exhibit A** is a true and correct copy of document that includes Altice's requests for production at issue in this Motion and the RIAA's responses.[1]

---

[1] In compliance with ¶ 9.b of Judge Gilstrap's Standing Discovery Order, Altice did not include the entirety of the RIAA's objections to Altice's discovery requests. Altice will submit the RIAA's complete objections and responses at the Court's request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 6, 2024 in Los Angeles, California.

_____
Diana Hughes Leiden

**EXHIBIT A**
**Altice's Requests for Production and the RIAA's Responses**

**RFP No. 1:**

All Documents and Communications concerning any agreements between You and any Plaintiff(s) or any entity acting on behalf of any Plaintiff(s) relating to the sending of notices of alleged copyright infringement, collection of evidence relating to notices of alleged copyright infringement relating to any Copyright Work, and/or services provided in connection with This Litigation, including but not limited to agreements concerning Your management of OpSec's sending of notices of alleged copyright infringement.

**Response to RFP No. 1:**

Subject to and without waiving the foregoing objections, RIAA states that it is not aware of written agreements between RIAA and any Plaintiff(s) responsive to this request. In addition, subject to and without waiving the foregoing objections, RIAA directs Altice to RIAA's production in *Altice I* in which it agreed to produce agreements between RIAA and OpSec concerning the RIAA notice program that resulted in copyright infringement notices OpSec sent to Altice, and agrees to produce additional responsive, non-privileged, non-work product agreements between RIAA and OpSec during the date range December 15, 2022 through December 7, 2023, if any, that are in RIAA's possession, custody, or control, to the extent located following a reasonable and diligent search, concerning the RIAA notice program that resulted in copyright infringement notices OpSec sent to Altice.

**RFP No. 6:**

All Documents and Communications concerning any agreements between You and OpSec, relating to the sending of notices of alleged copyright infringement, collection of evidence relating to notices of alleged copyright infringement relating to any Copyright Work, and/or services provided in connection with This Litigation.

**Response to RFP No. 6:**

Subject to and without waiving the foregoing objections, RIAA incorporates by reference its response to Request No. 1.

**RFP No. 8:**

All reports and documentation provided to You by OpSec as required and/or contemplated by any of Your agreements with OpSec regarding copyright infringement, on behalf of any Plaintiff(s), and/or as part of any Peer-to-Peer Notice Program in effect between January 1, 2019 and the present.

**Response to RFP No. 8:**

Subject to and without waiving the foregoing objections, RIAA directs Altice to RIAA's production in *Altice I* in which it agreed to produce reports received from OpSec concerning copyright infringement notices sent to Altice, and agrees to produce additional responsive, nonprivileged, non-work product reports during the date range December 15, 2022 through December 7, 2023, if any, that are in RIAA's possession, custody, or control, to the extent located following a reasonable and diligent search, concerning copyright infringement notices sent to Altice.

**RFP No. 11:**

Documents sufficient to show all amounts paid by You or any Plaintiff for OpSec's services, including billing records, invoices, and/or records detailing the services provided related to such amounts billed.

**Response to RFP No. 11:**

Subject to and without waiving the foregoing objections, RIAA directs Altice to RIAA's production

in *Altice I* in which it agreed to produce documents sufficient to show RIAA payments to OpSec, and agrees to produce additional responsive, non-privileged, non-work product documents during the date range December 15, 2022 through December 7, 2023, if any, in their possession, custody, or control, to the extent located following a reasonable and diligent search, sufficient to show RIAA payments to OpSec.

**RFP No. 18:**
All Documents and Communications concerning the selection of works for which You sent alleged copyright infringement notices to Altice on behalf of any Plaintiff(s), including without limitation, Documents and Communications concerning Plaintiffs' ownership of such works.

**Response to RFP No. 18:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 21:**
All Documents and Communications concerning Your decision not to extend, renew, or re-initiate program(s) to send notices of alleged copyright infringement to ISPs, including but not limited to during the time period prior to December 2019.

**Response to RFP No. 21:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 24:**
All Documents and Communications concerning Your efforts to send notices of alleged copyright infringement to torrent site aggregators, including but not limited to Pirate Bay and Torrentz.eu.

**Response to RFP No. 24:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 25:**
Your internal Communications and Communications with any third parties concerning providers of Peer-to-Peer File Sharing Applications and copyright infringement.

**Response to RFP No. 25:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 27:**
All Documents and Communications concerning methods considered by You and/or any Plaintiff(s) to address copyright infringement on Peer-to-Peer File Sharing Technologies.

**Response to RFP No. 27:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 28:**
All Documents and Communications concerning the use of Peer-to-Peer File Sharing Technologies for non-infringing purposes.

**Response to RFP No. 28:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 29:**
All Documents and Communications concerning Your or any Plaintiff's collaborations, agreements, discussions, and/or negotiations with any provider(s) of Peer-to-Peer File Sharing Technologies to obtain their cooperation in reducing copyright infringement.

**Response to RFP No. 29:**
Subject to and without waiving the foregoing objections, RIAA incorporates by reference its response to Request No. 26, and will otherwise not produce documents in response to this request.

**RFP No. 30:**
All Documents and Communications regarding whether You would take or not take legal action against any ISP for alleged copyright infringement on Peer-to-Peer File Sharing Technologies.

**Response to RFP No. 30:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 31:**
All Documents and Communications concerning Your and/or any Plaintiff's decision to pursue or to not pursue legal action against, or to seek compensation from, any provider(s) of Peer-to-Peer File Sharing Technologies for these providers' role in enabling copyright infringement.

**Response to RFP No. 31:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 36:**
All Documents and Communications regarding the CAS, including but not limited to Your participation in the CAS and the efficacy of the CAS.

**Response to RFP No. 36:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.

**RFP No. 37:**
All Communications and reports sent to You by any ISP as required by the CAS Memorandum of Understanding, including but not limited to Provision 3(I), "Generation of Monthly Reports," which requires ISPs to "provide reporting" regarding "Subscribers who have received Copyright Alert(s) during the applicable calendar month and the total number of alleged P2P Online Infringements by each such Subscriber;" and Provision 4(A), "System for Reducing Instances of P2P Online Infringement," which requires ISPs to "keep a record of repeat alleged infringers.".

**Response to RFP No. 37:**
Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request.